■ THE PEOPLE OF THE STATE OF NEW YORK, by ELIOT SPITZER, as Attorney General, Respondent, v LAW OFFICES OF ANDREW F. CAPOCCIA, L. L. C., et al., Appellants. [733 NYS2d 550] —Crew III, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered August 17, 2000 in Albany County, which, in a proceeding pursuant to Executive Law § 63 (12), *inter alia*, denied respondents' motion to dismiss the petition.

Petitioner brought this proceeding against respondents, attorneys engaged in the practice of law, pursuant to Executive Law § 63 (12) and General Business Law article 22-A charging that they have engaged in fraudulent business practices, as well as false, deceptive and misleading advertising.* Respondents, *inter alia*, moved to dismiss the petition upon the ground that petitioner lacked the authority to prosecute the matter because respondents' conduct is subject only to regulation by the Appellate Divisions pursuant to Judiciary Law § 90 (2). Supreme Court denied the motion and this appeal ensued.

We affirm. Insofar as respondents' argument rests upon the proposition that only the judiciary may regulate the practice of law, we need note only that the Court of Appeals rejected such a contention a decade ago (*see, Forti v New York State Ethics Commn.*, 75 NY2d 596, 615). Furthermore, in a more recent decision upholding the applicability of General Business Law

---

* At the time the petition was filed, respondent Andrew F. Capoccia was a licensed attorney but has since been disbarred by order of this Court (*Matter of Capoccia*, 272 AD2d 838, *lv denied* 95 NY2d 887).

§§ 349 and 350—the very statutes at issue here—to the medical profession, the Court of Appeals noted that they "apply to virtually all economic activity, and their application has been correspondingly broad" (*Karlin v IVF Am.*, 93 NY2d 282, 290).

Thus, while the supervision of attorneys, as officers of the court, has been delegated to the Appellate Divisions pursuant to Judiciary Law § 90, their conduct also may be the proper subject of regulation by both the legislative and the executive branches of government (*see, Forti v New York State Ethics Commn., supra*, at 612). For example, it can hardly be argued that an attorney who misappropriates clients funds from an escrow account and converts them to his or her personal use could not simultaneously be guilty of a violation of the Code of Professional Responsibility (*see*, DR 9-102 [22 NYCRR 1200.46]), as well as the provisions of the Penal Law proscribing larcenous conduct (*see generally*, Penal Law art 155). Accordingly, Supreme Court properly denied respondents' motion to dismiss the petition.

Cardona, P. J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.